## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>            Plaintiff,<br>v.<br><br>A4 CONSTRUCTION COMPANY, INC., a Utah corporation; SHAWN M. ANDERSON, an individual; AMY M. ANDERSON, an individual,<br><br>            Defendants. | **TEMPORARY RESTRAINING ORDER**<br><br>Civil No. 2:15-cv-00809-DN |

The Court hereby enters this Temporary Restraining Order ("Order"):

### BACKGROUND

1.      On November 20, 2015, Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") filed an ex parte motion seeking for the Court to issue a temporary restraining order and preliminary injunction ("Motion")[1] against Defendants A4 Construction Company, Inc. ("A4"), Shawn M. Anderson, and Amy M. Anderson (hereinafter collectively "Defendants").

2.      Liberty Mutual contends in its Motion that:

      a.   Liberty Mutual issued payment and performance bonds to A4 on a federal construction project.

      b.   Defendants Shawn M. Anderson and Amy M. Anderson, principals of A4, signed an agreement to indemnify Liberty Mutual for any claims against the bonds.

---

[1] Liberty Mutual Insurance Company's *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction, docket no. 4, filed November 20, 2015.

c.   A4 has failed and refuses to pay certain subcontractors in full despite receiving corresponding payment from the Federal Government for the work performed by those subcontractors.

d.   Those subcontractors have made claims against the subject payment bond for over $975,645.98.

e.   Defendants hold certain bank accounts that currently, and collectively, have balances that are sufficient to cover Liberty Mutual's liability exposure on the payment bond.

f.   Defendants are contractually obligated to convey the funds in these bank accounts to Liberty Mutual as collateral securing Defendants' indemnity obligations.

3.    Liberty Mutual therefore seeks for the Court to issue a temporary restraining order and a preliminary injunction under FED. R. CIV. P. 65 requiring Defendants to interplead funds from those accounts (as well as any other accounts controlled by Defendants to which funds from those accounts were transferred within the past 30 days) in the amount of $975,645.98 for the purpose of preserving collateral sufficient to cover Liberty Mutual's liability on the payment bond.

## STANDARD

4.    "Preliminary injunctions are extraordinary equitable remedies." *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009).  The purpose of preliminary injunctions is to "preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)).

5.    This Court possesses "equitable discretion" in deciding "whether to grant or deny injunctive relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394, 126 S. Ct. 1837, 1841, 164 L. Ed. 2d 641 (2006).  "[S]uch discretion must be exercised consistent with traditional principles of equity." *Id.*

6.      Issuance of a temporary restraining order or preliminary injunction is appropriate

on the following grounds:

> To prevail on a motion for a preliminary injunction, the movant must establish
> that four equitable factors weigh in its favor: (1) it is substantially likely to
> succeed on the merits; (2) it will suffer irreparable injury if the injunction is
> denied; (3) its threatened injury outweighs the injury the opposing party will
> suffer under the injunction; and (4) the injunction would not be adverse to the
> public interest.

*Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th

Cir. 2009).

7.      The party seeking a preliminary injunction before a trial on the merits requiring

"the nonmoving party to take affirmative action" must "make a heightened showing of the four

factors."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 (10th Cir. 2009).

8.      In addition, the following grounds must be met for the Court to issue a temporary

restraining order:

> The court may issue a temporary restraining order without written or oral notice
> to the adverse party or its attorney only if: **(A)** specific facts in an affidavit or a
> verified complaint clearly show that immediate and irreparable injury, loss, or
> damage will result to the movant before the adverse party can be heard in
> opposition; and **(B)** the movant's attorney certifies in writing any efforts made to
> give notice and the reasons why it should not be required.

FED. R. CIV. P. 65.

## TEMPORARY RESTRAINING ORDER

Based upon the record in these proceedings, including the pleadings and papers on file

with the Court, the Court hereby enters the following written FINDINGS and ORDERS:

**FINDINGS**

1.  Careful examination of the statement of facts[2] in the motion and supporting documents shows those facts to be supported by competent evidence and they are accepted as findings for purposes of this Temporary Restraining Order.

2.  Liberty Mutual has met its regular and heightened burden in showing a substantial likelihood of success on the merits on at least its claims for breach of the Indemnity Agreement and specific performance of the Indemnity Agreement.  More specifically, Liberty Mutual has demonstrated a substantial likelihood of success on the merits with respect to its claims that Defendants breached the Indemnity Agreement by: (1) failing to exonerate, hold harmless, indemnify, and keep indemnified Liberty Mutual with respect to claims asserted by subcontractors against the subject payment bond; (2) failing to hold funds in trust for the benefit of Liberty Mutual; and (3) failing to furnish funds as collateral to Liberty Mutual.  A4 has failed and refuses to pay certain subcontractors in full despite receiving corresponding payment from the Federal Government for the work performed by those subcontractors. Consequently, those subcontractors have made claims against the subject payment bond for over $975,645.98.

3.  Liberty Mutual has met its regular and heightened burden in showing that it will suffer irreparable injury if the Court does not issue a temporary restraining order.  More specifically, Liberty Mutual has sufficiently shown that it will lose its right to collateralization and will likely not be able to recover from Defendants unless the Court issues a temporary restraining order prohibiting Defendants from transferring funds from their bank accounts until the Court can rule on Liberty Mutual's request for a preliminary injunction. Defendants have

---

[2] Motion at 3-9.

represented that they are incapable of paying the full amount of one major claim, and that if

Okland Construction Company will not pay half of the claim, A4 will declare bankruptcy.

4.   Liberty Mutual has met its regular and heightened burden in showing that the irreparable injury which will be suffered by Liberty Mutual if the Court does not issue a temporary restraining order outweighs the injury Defendants will suffer under the temporary restraining order.  Liberty Mutual will lose its right to collateral in the amount of $975,645.98 and experience difficulty in collecting any future judgment against Defendants if the Court does not issue a temporary restraining order. On the other hand, Defendants will not be required to do anything more than what it appears they are already legally and contractually obligated to do under the Prompt Payment Act and the Indemnity Agreement.

5.   Liberty Mutual has met its regular and heightened burden in showing that the public interest is served by issuing a temporary restraining order.  Public funds were paid by the Federal Government to A4 for the specific purpose of compensating subcontractors for work they performed on the project giving rise to the subject payment bond. A4 certified to the Federal Government that the funds had been or would be used for the specific purpose of paying subcontractors and suppliers. The issuance of a temporary restraining order serves the public purpose by ensuring that funds from the entity and individuals to which these Federal funds were paid are available to satisfy the obligations for which the Federal funds were paid.

6.   Liberty Mutual has met its regular and heightened burden in clearly showing "specific facts in an affidavit or a verified complaint . . . that immediate and irreparable injury, loss, or damage will result"[3] to Liberty Mutual before Defendants can be heard in opposition.

---

[3] Fed. R. Civ. P. 65(b)(1)(A).

Specifically, the issuance of an *ex parte* temporary restraining order is necessary to prevent Defendants from misapplying and dissipating collateral sufficient to secure Defendants' indemnity obligations to Liberty Mutual.

7.   Liberty Mutual's counsel has certified in writing that no efforts were made to give notice to Defendants, and the reason notice should not be required is the likelihood that Defendants will remove any money from the subject accounts in an attempt to avoid their obligations and otherwise conceal assets.

## ORDER

Therefore, the Court hereby issues a Temporary Restraining Order against Defendants, individually and collectively, their agents, servants, officers, employees, entities, attorneys, associates, and/or relatives, and those acting under their direction or control, and any other persons who are in active concert or participation with any of the Defendants, to the fullest extent allowed by law, as follows:

1.   Defendants shall not withdraw, transfer, or otherwise disburse any monies or funds currently held in or hereinafter deposited into any of Defendants' respective bank accounts ("Bank Accounts") during the pendency of this Temporary Restraining Order.

2.   The Bank Accounts include, but are not limited to, the following specific bank accounts:

   a.   Any and all accounts held by A4 at: (1) Zions Bank, 11351 South 1000 East, Sandy, Utah 84094 (including Account Nos. ending in 5566, 8761, and 7375); and (2) Chase Bank, 1462 Draper Parkway, Draper, Utah 84020, (including without limitation Account No. ending in 3536.

   b.   Any and all accounts held by Shawn M. Anderson at Chase Bank, 1462 Draper Parkway, Draper, Utah 84020 (including without limitation Account No. ending in 2108).

     c.   Any and all accounts held by Amy M. Anderson at Zions Bank, 11351 South 1000 East, Sandy, Utah 84094 (including without limitation account Nos. ending in 5807 and 9873).

     d.   Any and all accounts held by jointly by Amy M. Anderson and Shawn M. Anderson at America First Credit Union, 9380 South State Street, Sandy, Utah 84070.

3.      Defendants shall not pledge or give any form of security interest in any monies now held in the Bank Accounts during the pendency of this Temporary Restraining Order.

4.      Defendants shall immediately communicate to all of their bank institutions this Temporary Restraining Order and affirmatively instruct them not to allow any further transactions to occur involving any monies held in the Bank Accounts unless and until the issuance of a further order of the Court.

5.      Defendants shall identify in writing to counsel for Liberty Mutual all bank accounts in Defendants' names or under their control, individually or collectively, including the general nature of each account and the amounts held in each account, within three (3) days of receiving notice of this Temporary Restraining Order.

6.      Defendants shall preserve all evidence, documentation, and information, whether electronic or hard files, relating to the Bank Accounts, and take all necessary affirmative measures to ensure such records are not destroyed or lost, including by ceasing any standard document retention policies that may pose a threat to said records.

7.      Pursuant to F.R.C.P. 65, this Temporary Restraining Order shall apply not only to each Defendant, but also each and every one of their agents, servants, officers, employees, entities, attorneys, associates, and/or relatives, and those acting under their direction or control,

and any other persons who are in active concert or participation with any of the Defendants, to the fullest extent allowed by law.

8.      The spirit and intent of this Temporary Restraining Order is to preserve the status quo to the greatest extent possible, and to preserve the existence of Defendants' funds to the greatest extent possible, and to preserve all documentary evidence relating to the same.

9.      On or before noon Tuesday November 24, 2015, Liberty Mutual shall furnish a bond to the Clerk of Court in the amount of Ten Thousand Dollars ($10,000.00).

10.     This Temporary Restraining Order shall remain in effect until 5:00 P.M. on December 4, 2015.

11.     This case is set for a status conference Tuesday November 24, 2015, at 1:30 p.m. in Room 3.100, U.S. Courthouse, 351 South West Temple Street, Salt Lake City, Utah.

12.     Liberty Mutual shall promptly give notice of this Temporary Restraining Order immediately to Defendants, to any known counsel for Defendants, and to the financial institutions identified in Paragraph 2 of this Order and shall file proof of notice.

Dated November 22, 2015 at 9:00 P.M.

BY THE COURT:

David Nuffer
United States District Judge